461 So.2d 523 (1984)
Audrey LEWIS, Plaintiff-Appellant,
v.
Otis OUBRE and State Farm Fire and Casualty Company, Defendants-Appellees.
No. 83-1134.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Rehearing Denied January 15, 1985.
Writs Denied March 22, 1985.
*524 Armentor & Wattigny, David W. Groner, New Iberia, for plaintiff-appellant.
Roy, Forrest & Lopresto, L. Albert Forrest, New Iberia, for defendants-appellees.
Before DOUCET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
This is a slip and fall case. Plaintiff, Audrey Lewis, instituted this suit against defendants, Otis Oubre, owner of the premises where the incident occurred, and his insurer State Farm Fire & Casualty Company, to recover damages sustained when she slipped on defendant's carport. The trial court dismissed plaintiff's suit after finding that the carport did not pose an "unreasonable risk of harm" to plaintiff and that the Oubres were not negligent. We affirm.

FACTS
Audrey Lewis was employed as a substitute sitter for the elderly and now deceased Mr. Oubre. She assisted Mr. Oubre in his room with medication, personal hygiene and other related errands. Audrey was then 59 years old and was paid $3.35 per hour for these services.
On March 10, 1981, at approximately 3:00 p.m., Audrey left Mr. Oubre's room. She went out of the kitchen and across the concrete driveway carrying a garbage can to be emptied. After emptying the garbage, she returned up the driveway. Upon reaching the carport, between the driveway and kitchen door, she slipped on the damp, slick carport, catching the bumper of defendant's car to break the fall. She allegedly twisted her back in the process and upon landing, seriously injured her lower back.
The defendant's carport is concrete with a smooth "trowelled" finish to which a sealer has been applied. The sealer constitutes the sheen or glossy appearance giving rise to a slippery surface. It is difficult to discern whether the carport is wet or dry because of the effect of the sealer. On the day of the accident, it was reported that the carport surface was moist or damp because of humid weather conditions typical in South Louisiana.
Plaintiff's slip and fall allegedly caused her back injury which resulted in back surgery, i.e., a partial hemilaminectomy of the L4-L5 disc on the right. She contends that defendants are liable for her injuries on the theory of strict liability and/or negligence. The trial court dismissed her claim after finding that the carport did not constitute an unreasonable risk of harm to her, nor that the defendant, Oubre, was negligent. This appeal followed.
At trial, the parties stipulated to the dismissal of plaintiff's workman's compensation claim and to all claims against the Oubres individually. This action was maintained only against the defendant homeowner insurer.

*525 ISSUE
The dispositive issue on appeal is whether the condition of the carport constituted an unreasonable risk of harm to plaintiff or whether defendants were negligent in exposing her to the risk of harm from which she allegedly suffered.

STRICT LIABILITY OF A HOMEOWNER
In order for a plaintiff to recover under LSA-C.C. articles 2317 and 2322 against the owner of a building, the injured person must prove that the building or its appurtenances posed an unreasonable risk of injury to others, and that the risk of harm was the cause-in-fact of the alleged injury and resulting damages. Upon proof of these elements, the owner is responsible for the damages, unless he proves by exculpatory evidence that the injury was caused, in part or in whole, by the fault of the victim, by the fault of a third person, or, by an irresistible force. The owner cannot exculpate himself by alleging his ignorance of the dangerous condition, nor by circumstances that the defect or vice could not be easily detected. The owner of a building has the non-delegable duty to keep his building and its appurtenances in repair, or in a condition, so as to avoid the unreasonable risks of injury to others. Olsen v. Shell Oil Co., 365 So.2d 1285 (La. 1979); Loescher v. Parr, 324 So.2d 441 (La.1975).
In this instance, the trial judge recognized and applied the correct legal principles and concluded that the defendant's carport surface did not constitute an unreasonable hazard or risk of harm to plaintiff. It was encumbent upon plaintiff to show by a preponderance of the evidence that her injuries were caused by a quality of the building that posed an unreasonable risk of harm to her. We now proceed to determine whether the trial judge's application of these principles and factual determinations were warranted by the evidence.
In Entrevia v. Hood, 427 So.2d 1146 (La.1983), the Supreme Court stated:
"The requirement that an injured person in order to recover under Article 2317 or 2322 must prove that the risk from which his damage resulted posed an unreasonable risk of harm places a limitation on a building owner's strict liability. He cannot be held responsible for all injuries resulting from any risk posed by his building, only those caused by an unreasonable risk of harm to others."

Id. at 1149 (emphasis added).
After considering the facts, the trial judge held that the risk of harm posed by the surface of the carport did not present an "unreasonable" risk of harm. After reviewing the circumstances peculiar to this case, we agree. Plaintiff was very familiar with the condition of the carport and had traversed it several times that morning. Mrs. Oubre testified that plaintiff's fall was the first and only incident occurring on the carport. The area where the fall occurred was under a roof and enclosed on two sides. The "trowelled" finish is apparently slick because of the very evident glossy appearance. The moisture or dampness which allegedly accumulated by the time of the accident is a common occurrence in the humid areas of Louisiana. These conditions are virtually unavoidable at times and in most instances cannot be prevented by the owner of an open slab or concrete surface resting on the soil.
The activities of a defendant for which he may be held liable without acting negligently are to be determined after a study of the law and customs, a balancing of claims and interests, a weighing of the risk of harm against the magnitude and likelihood of harm, and a consideration of individual and societal obligations. Entrevia v. Hood, supra; Langlois v. Allied Chemical Corporation, 258 La. 1067, 1084, 249 So.2d 133, 140 (La.1971).
After conducting a review of the record, with our focus upon the customs, standards and patterns of utility, we do not find the "sealed" carport surface in this isolated instance to be unreasonably dangerous. *526 The magnitude and likelihood of harm presented by the slab, in this limited instance, does not outweigh the social utility and benefit to society. The facts indicate that the magnitude of the risk posed, and the gravity of the harm threatened, are nominal in comparison with that of other risks presented by things and objects in our society. See Entrevia v. Hood, supra. Accordingly, although the sealed slab may in fact be dangerous, we do not find that such danger was of a magnitude that it would be "unreasonably dangerous." For this reason, plaintiff may not recover under the theory of strict liability.

NEGLIGENCE
In determining whether defendant was negligent, we will first determine defendant's duty to plaintiff, if any in this instance. This is a question of law which involves weighing of the standards and patterns of utility, and the magnitude of harm in the basic Duty/Risk analysis. This is similar to the determination of "unreasonable risk of harm" in a strict liability case as we have discussed above. See Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). For the policy reasons considered above, we find that the maintenance of an open concrete carport, with a "sealed" surface, does not violate any duty owed to plaintiff. Plaintiff had traversed the carport several times, and was well aware of the condition of the carport without necessity of warning. It is inescapable that even the most reasonable and prudent owners of an open concrete slab may experience accumulations of moisture or dampness on the surface of the slabs given our humid weather conditions. Our imposition of a legal duty for a homeowner to protect others from these natural accumulations would be unreasonable. The burden would be too great. Therefore, defendant did not owe a duty to plaintiff to protect her from the condition of the carport in this isolated instance. Since defendant did not owe plaintiff a duty to protect her from the damp carport, and since plaintiff had knowledge of the condition, we find that defendant was not negligent.
Accordingly, for the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Audrey Lewis.
AFFIRMED.