KNOLL, Judge.
The issue on this appeal is whether an asbestos tile roof that has mildew on it creates an unreasonable risk of harm to a house painter, under LSA-C.C. Arts. 2317 and 2322.
Plaintiff, Scotty Stoute, instituted this suit against defendants, Louise D. Guidry (hereafter Guidry) and South Carolina Insurance Company (hereafter South Carolina), as a result of injuries sustained by Stoute when he fell from the roof of Gui-dry’s house, defendant’s insured. Just pri- or to trial, Stoute released Guidry from this suit without prejudice. Thus, this action was maintained only against the defendant *881 homeowner insurer, South Carolina. The jury returned a unanimous verdict, finding Guidry’s roof was defective and that it posed an unreasonable risk of harm, awarding Stoute $95,000 in damages.
South Carolina argues on this appeal that the trial court erred: 1) in not granting the motion for summary judgment and motion in limine filed by defendants, Louise D. Guidry and South Carolina Insurance Company, and heard prior to the commencement of trial because mildew, moisture or slate on a roof in Southwest Louisiana does not make the roof unreasonably dangerous or defective; 2) in denying defendant, South Carolina Insurance Company’s motion for directed verdict on the issue of strict liability because mildew, moisture or slate on a roof in Southwest Louisiana does not make the roof unreasonably dangerous or defective; 3) alternatively, in not finding Scotty Stoute completely or at least substantially guilty of victim fault; 4) as characterizing this suit as one involving the issue of strict liability in the course of trial and in so charging the jury; 5) in permitting testimony from a vocational rehabilitation expert concerning loss of future earning capacity and in giving a loss of future earning capacity jury charge when there was no such request in the pleadings.
We find merit in defendant’s second assignment of error and reverse, finding that mildew on an asbestos tile roof does not constitute a “ruin” under LSA-C.C. Art. 2322, therefore, the trial court should have granted a directed verdict in defendant’s favor on the issue of strict liability. By this finding, the remaining assignments of error are rendered moot.
FACTS
Louise D. Guidry contracted with Tommy James Stoute, plaintiff’s brother, to have her house painted. The painting was to be done by plaintiff, Tommy Stoute and their other brother Joey Stoute, with their father Dalton Stoute, Sr., supervising the job. On August 29, 1983, shortly after sunrise, plaintiff, a housepainter with eight years experience, climbed onto Guidry’s roof in order to start painting her house. The roof was an asbestos tile roof. Shortly after he got on the roof, plaintiff took a few steps and fell approximately 9 feet to the ground causing him to fracture his right ankle and leg. These injuries required plaintiff to undergo surgery to correct the resulting fractures. Plaintiff contends that defendant is liable for his injuries based on the theories of strict liability and/or negligence.
At the close of plaintiff’s case, South Carolina moved for a directed verdict on the issues of negligence and strict liability. The trial court granted the directed verdict on the issue of negligence, but denied the directed verdict on the issue of strict liability. The jury found in favor of plaintiff on the theory of strict liability.
DEFECT IN STRICT LIABILITY
South Carolina contends the trial court erred when it denied South Carolina’s motion for a directed verdict on the issue of strict liability at the close of plaintiffs case. We agree.
Plaintiff’s claim under strict liability is based on damages caused by the “ruin” of the building. LSA-C.C. Art. 2322.
LSA-C.C. Art. 2317 gives rise to strict liability for things in one’s custody:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or the things which we have in our custody. This however, is to be understood with the following modifications.” (Emphasis added.)
It is clear that LSA-C.C. Art. 2322 modifies Article 2317:
“The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.” (Emphasis added.)
These articles have been interpreted to mean that in order for plaintiff to recover in strict liability, he must prove that: 1) the building or its appurtenances posed an un *882 reasonable risk of injury to others; and 2) the risk caused the injury. Entrevia v. Hood, 427 So.2d 1146 (La.1983). A vice or defect is defined as a condition of a thing which creates an unreasonable risk of injury to others. Goudchaux v. State Farm Fire & Casualty Insurance Company, 407 So.2d 1317 (La.App. 3rd Cir.1981), writ denied, 412 So.2d 1114 (La.1982). The defect must be of such a nature as to constitute a dangerous condition, which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. Koppie v. Commercial Union Insurance Company, 478 So.2d 179 (La.App. 3rd Cir.1985), writ denied, 479 So. 2d 922 (La.1985). A building owner cannot be held responsible for injuries resulting from any defect, but only those defects that create an unreasonable risk of harm to others. Entrevia v. Hood, supra. The reasonableness of the risk is determined by balancing the probability and magnitude of the risk against the utility of the thing. Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980).
After a careful review of the record, we find that plaintiff failed to prove that he sustained injuries as a result of any defect in the roof. To the contrary, plaintiff testified that he did not see any defects in the roof. He did not know what made him slip and fall off of the roof. He attributes his fall to mildew on the roof shingles or the cracking of the asbestos shingles when he stepped on them, or a combination of both. At the time that plaintiff fell, he had climbed up the ladder to the roof in order to remove the screens from the windows. It was approximately 10 or 15 minutes before 8:00 a.m. He took approximately 2lk steps near the edge of the roof and fell. Plaintiff presented no evidence that the roof was decayed, in a state of ruin or in need of repair. He surmises the mildew on the shingles caused him to slip and fall from the roof. He contends that mildew on the roof and the shingles cracking when he walked on them presented an unreasonable risk of harm.
A residential roof is not designed for foot traffic but rather to protect the house from the weather and its elements. Mildew on a roof does not render the roof defective or in a state of ruin requiring repairs. Plaintiff and his witnesses testified that it was very common to see mildew on a roof. Likewise, asbestos tile is a common roofing material. This combination of conditions was not new to plaintiff. The cracking of the asbestos tile when stepped on by plaintiff did not render the tile defective because the tile was not designed for foot traffic. Given the circumstances of this case, under a strict liability analysis we find there was no breach of a duty owed to plaintiff.
In a similar case involving a condition created by Louisiana’s climate, Lewis v. Oubre, 461 So.2d 523 (La.App. 3rd Cir.1984), writ denied, 465 So.2d 735 (La.1985), this court held that a homeowner did not owe a duty to a sitter to protect her from the slick condition of the carport surface created by dampness or moisture.
Plaintiff argues that although a roof is not designed for foot traffic, it should be expected that during the course of time, people will have to walk on the roof for repairs. While this is true, plaintiff failed to show that a defect in the roof caused his injuries. In the case Stine v. Creel, 417 So.2d 1243 (La.App. 1st Cir.1982), writ denied, 422 So.2d 163 (La.1982), while repairing a defective roof plaintiff fell and sustained severe injuries. He was denied recovery under strict liability because of victim fault. In the present case we need not resort to a victim fault analysis because plaintiff cannot first establish a defect or “ruin” as provided by Article 2322. However, the record convinces us that it was not any condition of the roof that caused plaintiff to fall and injure himself.
Accordingly, for the foregoing reasons the judgment of the trial court is reversed. All costs of trial and of this appeal are assessed to plaintiff, Scotty Stoute.
REVERSED AND RENDERED.