199 So.2d 403 (1967)
Bell Smith MATTHEWS, Plaintiff and Appellant,
v.
SOUTHERN AMUSEMENT COMPANY, Inc., et al., Defendant and Appellee.
No. 2000.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1967.
Bernard Kramer, Alexandria, for plaintiff-appellant.
Voorhies, Labbé, Fontenot, Leonard & McGlasson, by J. Winston Fontenot, Lafayette, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
The plaintiff, Bell Smith Matthews, sues for the injury and death of her husband, James Matthews. He was killed when struck by materials which fell from a theatre building during the process of its demolition. Originally named as defendants were: Southern Amusement Company, Inc., owner of the building; Community Builders Supply & Demolition Corporation, independent contractor demolishing the building; and the decedent's employer, George A. Shows, who was sued for workmen's compensation death benefits.
The defendant, Southern Amusement Company, Inc., owner of the building, filed a motion for summary judgment on the grounds that the demolition work was being done under the exclusive control of the independent contractor, for whose negligence the owner is not responsible. The trial judge granted summary judgment as to the *404 defendant, Southern Amusement Company, Inc., reserving plaintiff's rights against the other two defendants. Plaintiff appealed.
Plaintiff concedes there is no genuine issue of material fact. The sole issue is whether the defendant owner of the building is entitled to judgment as a matter of law.[1]
As shown by the pleadings and the affidavits of the defendant (plaintiff filed no counter affidavits) the facts are as follows: Southern Amusement Company, Inc., owner of the building, entered into a written contract with Community Builders Supply & Demolition Corporation to demolish the theatre building in the city of Lafayette. The contractor received all materials salvaged and agreed to pay the owner on the basis of the number of bricks recovered. He also agreed to level the land and clean up the premises after the building was removed.
It is established by defendant's affidavits that, pursuant to the contract, Community Builders Supply & Demolition Corporation had performed a substantial amount of the work, without the retention or exercise of any control whatsoever over the operations by the owner, when James Matthews was accidentally killed on the premises on June 28, 1965. Matthews was a "handy man" for George A. Shows. On the day in question, he had been sent by Shows to pick up certain building materials, which Shows had purchased from the demolition contractor, for use at a camp house. While the demolition work was in progress, certain materials fell on Matthews and killed him.
Plaintiff's sole contention on appeal is that the owner of the building is liable under LSA-C.C. Articles 670 and 2322, which read as follows:
"Art. 670. Everyone is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, (passers-by) under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."
"Art. 2322. The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
Plaintiff cites Klein v. Young, 163 La. 59, 111 So. 495 (1926) which held the owner of a building cannot, by contract of lease, shift to his lessee the obligations imposed under LSA-C.C. Articles 670 and 2322. Counsel points out that, following the Klein case, our legislature adopted Act 174 of 1932 (LSA-R.S. 9:3221) allowing the lessor to absolve himself from liability under certain circumstances. However, plaintiff asserts that Green, et al. v. Southern Furniture Company, Inc., 94 So.2d 508 (1957) holds this latter statute must be strictly construed and should not be extended to situations other than that of lessor and lessee. Hence, plaintiff argues, the owner cannot shift to an independent demolition contractor the duty imposed by the code articles to protect third persons from falling materials.
Counsel have not cited, nor have we found, any case dealing with the applicability of LSA-C.C. Articles 670 and 2322 to a building during its demolition. However, we think it is clear these codal articles have no application to such a situation. Generally, their purpose is to require the owner to keep his building in such a state of repair that it will not cause injury to persons in or near the premises. But, they have no application where a building is being demolished and, of necessity, extra hazards are created by the work as it progresses.[2] It would be an absurdity to say *405 that a building must be kept in repair while being demolished.
In the present case, the injury was not caused by the owner's failure to keep the theatre building in repair. It was caused by the demolition work. This work was being performed by an independent contractor, for whose negligence the owner is not liable to injured third persons. Crutti v. Frank, 146 So.2d 474 (4th Cir. 1962) and the authorities cited therein.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
NOTES
[1] See LSA-C.C.P. Articles 966-967 as to motions for summary judgment.
[2] Under the general rules of negligence, an owner of a building could be liable for injuries occurring during demolition work. See 65 C.J.S. Negligence § 81(4), pp. 986-988. But, that issue is not before us. The issue here is liability under Civil Code Articles 670 and 2322.