306 So.2d 915 (1974)
Roy R. TEMPLE
v.
GENERAL INSURANCE CO. OF AMERICA et al.
No. 10041.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearing Denied February 10, 1975.
Writ Refused April 11, 1975.
*916 Ralph W. Brewer and Michael W. Mike McKay, Baton Rouge, for appellant.
Wm. R. Weatherford, Baton Rouge, for appellee.
Before LOTTINGER, COVINGTON and BAILES, JJ.
LOTTINGER, Judge.
This is a suit by Roy R. Temple, as petitioner, wherein he seeks damages for personal injuries sustained when a brick wall fell and knocked him off his scaffold on which he was working. The defendants are French Provinces Corporation, the owner of the wall which fell and its insurance carrier, General Insurance Company of America. The lower court awarded judgment in favor of defendants and dismissed petitioner's suit and the petitioner has taken an appeal.
On February 2, 1972, at approximately 12:45 P.M., petitioner was working on a scaffold about one to two stories above the ground at an apartment complex owned by defendant, French Provinces Corporation. All of a sudden the brick wall of the apartment building next to the scaffold collapsed on top of petitioner knocking him to the ground below. As a result of this fall, petitioner claims that he suffered severe injuries for which he sues in tort.
Petitioner contends that the strict liability standards as set forth in Civil Code Article 2322 are applicable to the instant case. Said Article 2322 provides as follows:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
This article obviates the necessity of an injured party having to prove "fault" upon the part of an "owner" or those for whom said owner is answerable. However, the strict liability under Article 2322 is not purely absolute because it arises subject to limiting predicatory language which establishes an owner's responsibility only when the "ruin" occasioning the damages is caused by "neglect to repair it" or by a "vice in its original construction." It has been held, furthermore, that there can be no recovery by the injured party when there is no proof that the injury was caused by any vice or defect in the building. Jackson v. Insurance Company of North America, La.App., 243 So.2d 304, Davilla v. Richardson, La.App., 120 So.2d 293.
The lower court correctly found the facts of the case to be as follows:
"On the date of the accident, February 2, 1972, plaintiff was employed as a brickmason's helper by United Masonry Company (United), a subcontractor engaged in reconstructing a brick wall on a two-story apartment building. The apartment complex, of which the discussed structure formed a part, was partially occupied and partially under construction. The work being performed *917 upon the specific wall in question had been necessitated by a storm which had blown most of the bricks off of said wall.
The damaged wall had been relayed by the United crew during the morning hours of February 2, 1972. Shortly after lunch, the wall crumbled at a time when plaintiff was assisting several bricklayers atop the scaffold who were "striking" their forenoon labor, that is, smoothing out the mortar between the bricks into customary indentation. Personally, plaintiff, standing on the end of the scaffold, was occupied in throwing boards to the ground.
Why did the bricks fall? Or, more precisely, was the wall's fall due to a "ruin" caused by "neglect to repair it" or a "vice in its original construction"?
Albeit the record is inconclusive as to the cause in fact of the wall's collapse, there was testimony that it had rained on the jobsite the day prior to the accident and that laying wet bricks might have induced the wall's descent.
Irregardless, the wall fell during reconstruction commenced because of destruction caused by a storm.
First, it is easily seen that the wall did not fall because of "neglect to repair it". Indeed, the wall was in the process of being repaired, said renovation related to damage inflicted by an outside source, a force majeure.

The second question which faces the Court is: When a wall is under reconstruction because it has been destroyed by a storm, an outside force, and said wall falls during rebuilding, inflicting injuries upon a workman, is the wall's collapse a "ruin" which is the "result of a vice in its original construction"? The Court thinks not.
The Court has searched the jurisprudence interpreting Article 2322 and found a wide disparity in construction and application thereof. These differences are ably pointed out by the authorities cited by counsel herein. However, none of the cases reviewed by the Court possessed the circumstances present in this matter.
The Court's result would have been otherwise than that above if the renovative work had been instigated to correct flaws or deterioration unrelated to an outside force and if the damages had been caused by said dilapidation."
We feel, as the lower court, that the petitioner has failed to sustain his burden of proving the fall of the wall was due to "ruin" caused by "neglect to repair it" or a "vice" in its original construction".
It appears the trial court has rested its finding of no liability of the owner on the fact that the repairs to the wall were necessitated by an "outside force, a force majeure." We hold that the cause for the repair of the wall is immaterial to the decision herein.
The question of concern is whether the owner was in control of the premises or the contractor who was performing work of laying the bricks which fell causing injury to plaintiff. The answer appears obvious. Certainly the sub-contractor, J. R. McFarland, d/b/a United Masonry Company, had control of the wall as the construction was not complete. A workman was working on the wall at the moment it fell. The evidence shows that a workman was striking the joints of the courses of brick when the newly constructed wall began to fall around him. Such a circumstance does not bring the injured plaintiff within the statutory liability imposed on the owner by LSA-C.C. Article 2322, and Article 670.
Counsel has not cited to us any case which holds these codal articles applicable to the construction or repair of a building. We find no liability herein. See: Daroca v. Metropolitan Life Insurance Company, 5 Cir., 121 F.2d 917; and Matthew v. Southern *918 Amusement Company, La.App., 199 So.2d 403 (La.App. 3d Cir. 1967).
For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.