423 So.2d 736 (1982)
Brandon MASON
v.
LIBERTY MUTUAL INSURANCE COMPANY, et al.
No. C-0308.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1982.
Writ Denied January 10, 1983.
Robert Manard, III, New Orleans, Bruce Borrello, Metairie, for relator.
Lawrence A. Arcell, New Orleans, for respondents.
Before GULOTTA, AUGUSTINE and BARRY, JJ.
WRIT OF MANDAMUS
In this writ application, plaintiff-relator complains the trial judge, on a motion for *737 summary judgment, erred in holding plaintiff's only possible cause of action is in negligence under LSA-C.C. Art. 2315 and not under alternate strict liability theories of LSA-C.C. Arts. 2317 and 2322.[1]
Plaintiff, an employee of a renovation contractor, seeks recovery for personal injuries sustained in a fall while working on a roof of a residence. Plaintiff alleged liability of the owner of the residence based on three theories: 1) negligence of the owner in failing to provide plaintiff with a safe place to work and to warn him of a defect in the house; 2) strict liability under LSA.C.C. Art. 2317 in that the house was in the owner's care, custody, and control at the time of the accident; and 3) strict liability under LSA-C.C. Art. 2322 in that the accident was caused by the ruin of the building. The owner filed a motion for summary judgment dismissing plaintiff's suit.
The trial judge denied the motion for summary judgment, but stated in written reasons:
"At the conclusion of brief arguments, the Court requested the submission of `Memoranda', as well as supporting depositions which would jurisprudentially eliminate the applicability of La.R.C.C. Articles 2317 and 2322. The Court being of the opinion that it was never intended that those two (2) articles should destroy the basic protections afforded owners of immovables who seek to maintain their property in a proper state of repair....
This Court agrees that the `strict liability' imposed by R.C.C. 2322 is not applicable to the facts of this case. In our view it was never intended that a repairman could recover against an owner if said repairman is attempting to respond to the call to make repairs....
This Court believes that the only cause of action that the plaintiff has is grounded in R.C.C. 2315. If and only if, plaintiff is able to show that the defect was the proximate cause of plaintiff's injury and that defendant, Sagona [owner], failed to warn plaintiff of the existence of the defect....
This Court is mindful that plaintiff would like to bring his allegations within the ambit of R.C.C. Art. 2322. But the article has no application where an owner is wary of the sturdiness of his property and decides to take steps to repair it. The very reason for plaintiff's presence was to determine whether the porch was in need of major repairs or demolition...."
Although the judgment denies defendant's motion, the written reasons effectively grant a partial summary judgment in defendant's favor by prohibiting plaintiff from asserting theories of recovery based on strict liability. We conclude the trial judge erred in limiting plaintiff to proceeding only on a negligence theory.
In Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978), the Supreme Court held that to impose liability under LSA-C.C. Art. 2322 on the owner of a building there must be: 1) a building; 2) the defendant must be the owner; and 3) there must a "ruin" caused by a vice in construction or neglect to repair that occasions the damage sought to be recovered. The Court quoted with approval the following language in Camp v. Church Wardens, 7 La.Ann. 321, 325 (1852), a suit by an injured bricklayer against an owner, concerning the application of the verbatim predecessors of LSA-C.C. Arts. 660 and 2322: "They [the codal provisions] are evidently founded in an enlightened view of public necessity. They protect the neighbor; the passenger in the street; and it *738 would be singular, indeed, if the men at work at the building were excluded from their just and salutary operation." (Emphasis ours)
More recently, in Fonseca v. Marlin Marine Corp., 410 So.2d 674 (La.1981), the owner of a barn under construction was held liable under LSA-C.C. Art. 2317 to a workman injured in a fall from a scaffold in the owner's custody. In the original opinion, the Supreme Court also held the owner liable under LSA-C.C. Art. 2322, citing Olsen v. Shell Oil Co., supra. The Court stated: "Article 2322 makes the owner of a building answerable in damages to any person who is injured  while rightfully inside or outside the building  in an accident caused by the owner's neglect to repair the building or from a vice (defect) in its original construction."
On rehearing in Fonseca, however, the Court expressed doubt concerning liability under LSA-C.C. Art. 2322 because the "temporary scaffolding" on which plaintiff was injured did not constitute a vice in the original construction but rather was "merely an apparatus used by the contractors in performing that construction, never intended as a permanent part of the building for whose original construction vices the Code holds the owner of the building liable." We do not interpret the language on rehearing as an expression of the Supreme Court's intention to insulate an owner of a building from a claim of strict liability under LSA.C.C. Art. 2322 to a repairman who is injured through the owner's neglect to repair or from a vice in the original construction.
We distinguish Temple v. Gen. Ins. Co. of America, 306 So.2d 915 (La.App. 1st Cir. 1974) and Matthews v. Southern Amusement Company, 199 So.2d 403 (La.App. 3rd Cir.1967), relied on by the trial judge. In Temple, a workman sought damages for injuries sustained when a brick wall under construction collapsed. The Third Circuit held LSA-C.C. Art. 2322 did not apply since the collapsing wall had been newly constructed by the workman and did not fall to "ruin" caused by the owner's "neglect to repair it" or a "vice" in its original construction. Significantly, in Temple, the trial judge's written reasons quoted with approval by the appellate court, indicated the trial court would have ruled otherwise ".... if the renovative work had been instigated to correct loss or deterioration unrelated to an outside force and if the damages had been caused by said dilapidation." Likewise, in Matthews, a wrongful death action for a workman killed by falling materials while demolishing a building, the Third Circuit held LSA-C.C. Art. 2322 did not apply to a building during its demolition. In our case, plaintiff claims injury from "ruin" of a building while working on a defective roof during renovation. Temple and Matthews are clearly distinguishable.
Stine v. Creel, 417 So.2d 1243 (La.App. 1st Cir.1982), also relied on by the trial judge, is closer to our case, yet also distinguishable. In Stine, a workman suffered injuries when he fell through the roof of a warehouse under repair. The First Circuit held the warehouse owner was not strictly liable under LSA-C.C. Arts. 2322 and 2317 since it was "not the ruin of the roof" that caused the injury but rather "the unsafe manner by which Stine [plaintiff] sought to remove the roof section that caused his fall." From our reading of the opinion, we conclude that the plaintiff in Stine was not entitled to recovery under strict liability theories because of his own "victim fault." We do not interpret Stine, an appeal after a trial on the merits, as authority to foreclose an injured workman from asserting theories of recovery against an owner based on LSA.C.C. Articles 2317 and 2322. The repairman's own "fault" in causing his injuries may be a viable defense to be asserted by the owner, but the plaintiff's status as a repairman does not prohibit him from advancing strict liability theories at trial.
For the foregoing reasons, we affirm the judgment of the trial court denying defendant-respondent's motion for summary judgment. That portion of the judgment foreclosing plaintiff-relator from asserting theories of liability based on LSA-C.C. arts. 2317 and 2322, however, is rescinded and set aside. The matter is remanded for further proceedings.
NOTES
[1] LSA-C.C. Art. 2317: Acts of others and of things in custody;

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
LSA-C.C. Art. 2322: Damage caused by ruin of building:
The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.