818 So.2d 898 (2002)
Thomas Wayne YOUNG and Randy Joseph Sanchez
v.
CITY OF PLAQUEMINE, Comeaux Brothers Contractors, Inc., and Gary J. Hebert, Jr.
No. 2002 CA 0280.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*899 Jack Patrick Harris, Baton Rouge, for PlaintiffsAppellants Thomas Wayne Young and Randy Joseph Sanchez.
Donald R. Smith, Baton Rouge, for Defendant Appellee Edward Earl Comeaux d/b/a Comeaux Brothers Construction, Inc.
Michael A. Patterson, Baton Rouge, for DefendantAppellee Gary J. Hebert d/b/a Hebert & Associates Architects and Planners.
Bradley C. Myers, John F. Jakuback, Lana Davis Crump, Melissa Ann Hemmans, Baton Rouge, for DefendantAppellee The City of Plaquemine.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
FOGG, Judge.
By this appeal, the plaintiffs contest the granting of summary judgment in favor of the City of Plaquemine and the dismissal of their lawsuit for damages allegedly resulting from lead poisoning. For the following reasons, we reverse and remand.
The facts and procedural posture of this case are set forth in the case of Young and Sanchez v. City of Plaquemine et al., 2001 CA 0063 (La.App. 1 Cir. 2002), 818 So.2d 892, also rendered this day. On August 6, 1999, after all other defendants were dismissed from the lawsuit, the City of Plaquemine moved for summary judgment. On June 27, 2000, the trial court rendered summary judgment in favor of the City of Plaquemine, dismissing the plaintiffs' lawsuit. The plaintiffs appeal that judgment.
In their petition, the plaintiffs assert the City of Plaquemine is liable for their damages under LSA-C.C. arts. 2315 and 2317. With respect to their claim in strict liability, the plaintiffs alleged that the leadbased paint constituted a vice or defect within the meaning of article 2317 and, therefore, the building, which was in the sole care, custody and control of the City of Plaquemine at all pertinent times, posed an unreasonable risk of harm to the plaintiffs.
A plaintiff who attempts to impose liability under Civil Code article 2317 on the custodian of a defective thing must prove (1) the thing had a vice or defect; (2) the defect presented an unreasonable risk of harm to others; (3) the thing was in defendant's custody; and (4) damage was caused by the defect. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106 (La.1990); Willis v. Cajun Elec. Power Coop., Inc., 484 So.2d 726 (La.App. 1 Cir.), writ denied, 488 So.2d 200 (La.1986). If a plaintiff fails to prove any one of these facts, his article 2317 claim falls.
Generally, an owner of a building under construction or renovation does not have custody for purposes of liability under LSA-C.C. art. 2317. An exception to that rule occurs when the owner exercises operational control over the contractor's methods of operation or gives express or implied authorization to unsafe practices. Williams v. Gervais F. Favrot Co., 499 So.2d 623 (La.App. 4 Cir.1986), writ denied, 503 So.2d 19 (La.1987). Therefore, to recover under the theory of strict liability, the plaintiffs must show that the City of Plaquemine had control of the building.
The determination of who has the custody or garde of the thing is fact driven. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.1991). In considering the issue of custody or garde, our courts consider the following general principles: (1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing. Doughty, 576 So.2d at 464; King v. Louviere, 543 So.2d 1327 (La.1989); Loescher v. Parr, 324 So.2d 441 (La.1975).
*900 With these principles in mind, we now turn to the evidence before the court to determine if the City of Plaquemine had garde of the building while the plaintiffs worked there. Both Young and Sanchez testified that Chief Cazes, the Assistant Chief of Police and several detectives visited the building site daily. Frequently, on these occasions, Chief Cazes would talk with the painters, discussing the issue of whether the building contained lead paint. Ultimately, in response to the painters' continual complaints of symptoms that might indicate exposure to lead, Chief Cazes hired an independent firm to test for lead in November of 1995. Considering these facts, the plaintiffs successfully defeated the argument advanced by the City of Plaquemine that there is no genuine issue of material fact as to whether the City had custody of the building.
Alternatively, the City of Plaquemine asserts summary judgment is proper because the lead paint did not constitute an unreasonable risk of harm. Considering the danger posed by the removal of lead-based paint in an enclosed area without employing any safety precautions, we find the genuine issues of material fact remain as to whether lead paint constitute an unreasonable risk of harm to these workmen. See Tillman v. Johnson, 94-0480 (La.App. 1 Cir. 3/3/95), 652 So.2d 605.
For the foregoing reasons, the grant of summary judgment in favor of the City of Plaquemine and against Thomas Wayne Young and Randy Joseph Sanchez is reversed. We remand the matter for further proceedings. Costs in the sum of $2,808.90 are assessed against the City of Plaquemine.
REVERSED AND REMANDED.