(NOT FOR PUBLICATION)

ROBERT SCHRAM

VERSUS

COLONY SPECIALTY INSURANCE COMPNAY, ET AL.


**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 251,684
HONORABLE GEORGE C. METOYER, JR., PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
John E. Conery, Judges.

AFFIRMED.

Steven E. Soileau
Thomas, Soileau,Jackson, Baker & Cole, L.L.P.
401 Edwards street, Suite 2015
Shreveport, LA  71101
Tel. (318) 216-5058
Fax: (318) 216-5087
ATTORNEY FOR DEFENDANT/APPELLEE
   Colony Specialty Insurance Company

Paul J. Tellarico
Tellarico Law Firm
P.O. Box 12967
Alexandria, LA 71315
Tel. (318) 787-6603
Fax (318) 787-6618
ATTORNEY FOR DEFENDANT/APPELLEE
Ronnie Waters
Jerry L. Lavespere,Jr.
Jerry L. Lavespere A.P.L.C.
1805 Jackson Street

**Alexandria, LA  71301**
**Attorney for Plaintiff/Appellant**
**Robert Schram**

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Plaintiff Robert Schram (Schram) was injured while assisting in the construction of a free-standing tin roof over a mobile home trailer located in Alexandria, Louisiana. Plaintiff was working with Mr. Dan Baker (Baker) and Mr. Mark Hennigan (Hennigan) at the time of the accident. The trailer is located on property owned by Ronnie Waters (Waters) and his wife, and is rented to a tenant who is not a party to this litigation. Waters and Baker have known each other for a long period of time. Baker has helped Waters to care for his horses on this property and has done many odd jobs helping the Waters to maintain their property. The two made attempts to repair leaks in the trailer's roof but these attempts failed. To remedy the problem Baker suggested Waters have a free-standing tin roof built over the mobile home. Waters paid for the materials needed and gave money to Baker to pay the labor cost of the helpers Baker hired, Schram and Hennigan. Schram does not maintain that he was employed by Waters and admits he was an independent contractor. Baker provided his labor for the construction project as repayment of money he owed Waters.

On the second day of installation of the roof, Baker instructed Schram not to step on the completed roofing which was installed the previous day. Schram ignored that instruction, and, while standing on that area of the new tin roof, slipped and fell when Hennigan threw a nail gun up to him from the ground. Schram maintains he slipped and fell trying to avoid being hit by the nail gun. He lost his footing, slid off the roof, and broke his ankle when he hit the ground. Schram admitted in discovery Waters was not present at the scene when the accident occurred and was not present during any of the construction. Schram

never met Waters nor received any instruction from him regarding construction of the roof. Schram sued Waters and his insurer, Colony Specialty Insurance Company (Colony).

Colony filed a motion for summary judgment alleging no coverage for the claim. The trial court denied the motion, Colony filed a writ with this court and it was denied. Subsequently, Waters and Colony filed a joint motion for summary judgment alleging there is no basis for liability as to Waters. The trial court granted summary judgment dismissing the claims against Waters and Colony based upon its finding that no genuine issue of fact remains on the question of Waters' liability. Schram appeals alleging one assignment of error, to wit:

> The trial court committed legal error when Honorable Judge George Metoyer granted defendant Colony Insurance Company's Motion for Summary Judgment, holding that no genuine issue of fact existed concerning the liability of Mr. Ronnie Waters, Colony's insured, for Plaintiff's injuries.

Schram maintains there are genuine issues of material fact as to whether 1) Waters was negligent in hiring Baker, Hennigan and himself; 2) Waters negligently supervised the work; 3) Waters negligently failed to provide safety equipment to prevent Plaintiff falling from the roof; and 4) Waters is strictly liable for Plaintiff's injuries. Colony answered the appeal asserting the trial court was correct in its ruling dismissing Plaintiff's claims against Waters and Colony, finding Waters owed no duty to Plaintiff and finding no negligence on the part of Waters. Colony also argues in the alternative if this court reverses that ruling, then this court should reverse the previous denial of summary judgment and find there is no insurance coverage for Plaintiff's claims based on exclusions in the policy. Waters filed an appeal adopting Colony's arguments supporting the trial court's grant of summary judgment but asserting alternatively the correctness of the trial

2

court's denial of Colony's motion for summary judgment based on coverage and the correctness of this court's denial of writs as to that motion.

## LEGAL ANALYSIS

Summary judgment is provided for in the Louisiana Code of Civil Procedure Article 966. La.Civ P. art. 966 has undergone many revisions in the last several years. The hearing on the joint motion for summary judgment at issue was held on February 29, 2016, thus the last amended version of Article 966 with an effective date of January 1, 2016, applies and provides in pertinent part:

> A(3)  After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
>
> . . . .
>
> D(1)The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.
>
> D(2) The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

We review summary judgments *de novo* considering all of the evidence before the trial court. *Schroeder v. Board of Sup'rs of Louisiana State University*, 591 So.2d 342, (La.1991). *See also Nguyen v. Underwriters at Lloyd's*, 05–1407

3

(La.App. 3 Cir. 5/3/06), 929 So.2d 821, *writ denied,* 06–1332 (La. 9/22/06), 937 So.2d 387. Waters and Colony filed written memoranda in support of the joint motion for summary judgment and filed attached to it excerpts from the depositions of Baker, Schram, and Waters; a photograph of the roof; and Defendant's statement of facts. Colony did not file a copy of its insurance policy insuring Waters as an attachment to the joint motion for summary judgment but did file it as an exhibit attached to its first motion for summary judgment. Colony also filed a reply memorandum. Schram filed an opposition to the joint motion for summary judgment and filed a memorandum in support thereof accompanied by his statement of uncontested facts, the entire depositions of Baker and Waters, and the affidavit of Schram. Neither party raised any objection to any of the items filed in support of or in opposition to the joint motion for summary judgment, therefore, under the applicable provisions of La.Code Civ.P. art. 966, effective January 1, 2016, all of these documents may be considered by the trial court and this court in its *de novo* review of the case as provided in La. CodeCiv. P. art. 966 A(4) and D(2).

Plaintiff asserted in his argument opposing summary judgment that all three men working on the roof, including Plaintiff, were contract labor. Schram was not an employee of Waters. He maintained Waters is liable for his injuries because Waters had a duty to provide all materials needed for the job which included safety materials. Thus, he argues, because Waters failed to provide Plaintiff with any safety materials to prevent him from falling off the roof he is strictly liable for Plaintiff's injuries. No law is cited for this proposition. Plaintiff's argument ignores the fact that Baker was in charge of constructing the new roof, and Schram was hired by Baker without any input from Waters. Waters exercised no control

4

over the manner in which the roof was being constructed. He placed construction of the roof completely in Baker's hands trusting he would do a good job without Waters' involvement. Schram further asserts because Waters is a roofer by trade with over forty years of experience in roofing he should be held to a higher standard of knowledge as to providing safety materials. That might be relevant as to Waters' employees constructing roofs but it has no relevance here where Schram was hired by Baker who had complete charge of the construction project. Waters only interest in the project was that it solve the problem of the leaky trailer roof. Schram never mentions what such materials might include and again, cites no law in support of this proposition. He argues this presents genuine issues of material fact precluding summary judgment. This argument is not persuasive. The evidence presented in support of Defendants' motion for summary judgment, along with evidence presented by Plaintiff, shifted the burden to Plaintiff. Plaintiff bears the burden of proof at trial to establish a basis for liability against Waters. He failed to put forth evidence in response to the motion for summary judgment that would demonstrate a basis for liability against Waters. In fact, the deposition testimony relied on by Plaintiff in opposing the motion demonstrates there is no basis upon which to hold Waters liable for Plaintiff's injuries. In a previous case involving a roof repairman's fall from a roof on which he was working this court held:

> The facts of this case present a repairman making repairs in an area that presented an *obvious* risk of harm. The body of jurisprudence interpreting strict liability and/or negligence under these circumstances is well established. An owner is not liable for injury which results from a condition which should have been observed by the plaintiff in the exercise of reasonable care or which was obvious. *Eldridge [v. Bonanza Family Restaurants, 542 So.2d 1146 (la.APp. 3rd Cir. 1989)]*; *David v. Reon,* 520 So.2d 820 (La.App. 3rd. Cir.1987), *writ denied*, 522 So.2d 564 (La.1988). **An owner is not**

**liable to a repairman when the unsafe manner of repair to the building by the repairman caused the injury**. *Stine v. Creel,* 417 So.2d 1243 (La.App. 1st Cir.1982), *writ denied*, 422 So.2d 163 (La.1982); *Mason v. Liberty Mut. Ins. Co.,* 423 So.2d 736 (La.App. 4th Cir.1982); *writ denied* 425 So.2d 773 (La.1983); *Annis v. Shapiro,* 517 So.2d 1237 (La.App. 4th Cir.1987). *See also*, *Stoute v. South Carolina Ins. Co.,* 524 So.2d 879 (La.App. 3rd Cir.1988), *writ denied*, 525 So.2d 1049 (La.1988).

*Desormeaux v. Audubon Ins. Co.,* 611 So.2d 818, 820–21 (La. App. 3 Cir. 1992), *writ not considered,* 613 So.2d 966 (La.1993), (emphasis added) and *writ denied,* 613 So.2d 1002 (La.1993).

Louisiana tort law underwent revisions in 1996 and as part of those revisions concerning strict liability previously addressed in La. Civ.Code art. 2317 and 2322 the following language was added to La.Civ.Code art. 2322:

> However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

Thus, as regards Schram's assertion of strict liability for damage caused by the ruin of a building, knowledge of the vice or defect or evidence that the owner, in the exercise of reasonable care, should have known of the vice or defect is a necessary element to prove. *Jackson v. Gardiner*, 34,643 (La.App. 2d Cir. 4/4/01), 785 So.2d 981.

> The legal basis for liability of a homeowner for injuries caused by a defect in the home is typically premised on the following Civil Code articles:
>
> Art. 2317. Acts of others and of things in custody
>
> > We are responsible, not only for the damage occasioned by our own act, but for ... the things which we have in our custody. This, however, is to be understood with the following modifications.

6

Art. 2317.1. Damage caused by ruin, vice, or defect in things

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Art. 2322. Damage caused by ruin of building

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

However, the owner of a building under construction or renovation generally does not have custody for purposes of liability based on the foregoing civil code articles. An exception to that rule occurs when the owner exercises operational control over the contractor's methods of operation or gives express or implied authorization to unsafe practices. *See Young v. City of Plaquemine,* 02–0280, pp. 2–3 (La.App. 1st Cir.5/10/02), 818 So.2d 898, 899, *writ denied,* 02–1601 (La.92),6 825 So.2d 1196. Thus, in order to prevail on their claims against the homeowner, the plaintiffs and the Intervenor would bear the burden of having to prove that Mr. Wintz exercised such operational control over the subcontractor who installed the temporary steps at his home.

It is undisputed that the temporary steps at issue were attached to Mr. Wintz's home by Mr. Blanchard, the framing subcontractor hired by KRC. So in order to meet his burden of proof on summary judgment, Mr. Wintz had to point out the lack of factual support for an essential element of the plaintiffs' and intervenor's claim against

7

him, namely that they would be unable to prove that he exercised operational control over the work performed by Mr. Blanchard.

*Sasser v. Wintz*, 11-2022, pp. 5-6 (La.App. 1 Cir. 9/4/12), 102 So.3d 842, 846.

Waters owed no duty to Schram, a contract laborer hired by Baker to assist him during this residential roof repair job. Schram admits he was a contract laborer hired by Baker. He also admits Waters did not exercise any operational control over the work. In fact, he admits Waters never came to the construction project. Not only did Waters successfully demonstrate that Schram cannot prove he had any operational control over the construction of the roof Schram admits this essential fact. Schram does not allege, nor is there any evidence to suggest that Waters gave any express or implied instruction or authorization to Hennigan or Schram to engage in any unsafe practices during construction such as tossing a tool up to a worker standing precariously on a new slick tin roof.

Schram asserts Waters' liability is based on the allegation that he was negligent in hiring Baker to build the roof because Baker was not a skilled roofer. The cases cited by Schram do not support his theory of liability. Schram cites *Hemphill v. State Farm Ins. Co.,* 472 So.2d 320 (La.App. 3 Cir. 1985) and *Perkins v. Gregory Mfg. Co*., 671 So.2d 1036 (La. App. 3 Cir. 3/20/96) *writ denied*, 96-971 (La.5/31/96), 673 So.2d 1039 for his proposition that "one who hires an irresponsible independent contractor may be independently negligent." In *Hemphill* this court upheld summary judgment in favor of the owner based on its finding that Hemphill was an independent contractor to whom the owner owed no duty. The court also found the owner was not negligent in hiring the workmen. In that case this court found the owner exercised no control over the independent contractors he hired to do the job. In *Perkins* the court dismissed the suit against

8

the owner on summary judgment finding the owner exercised no control over the independent contractor. The *Perkins* court also found that the owner owed no duty to protect the tree trimmer from risks inherent in the job, i.e. that a tree might fall on him while performing his work. Likewise in this case, Waters owed no duty to Schram to protect him from a risk inherent in the roofing job, i.e. that he might fall off the roof and be injured, especially if he chose to stand where he was directed not to stand because of the obvious danger of slipping and falling.

A claim for negligent hiring exists only if the claimant can show that the principal had knowledge when he hired the independent contractor that he was irresponsible. *See Guillory v. Conoco, Inc.,* 521 So.2d 1220 (La. App. 3 Cir. 1988) *writ denied* 526 So.2d 801 (La. 1988) and *Perkins*. *See also Certified Cleaning & Restoration, Inc. v. Lafayette Ins. Co.,* 10-948 (La. App. 5 Cir. 9/6/11) 67 So.3d 1277. The law looks to the owner's previous results with the independent contractor hired in determining possible negligence. *Perkins,* 671 So.2d at 1040. Here, Schram makes no showing that Waters had any reason to think Baker was irresponsible in his work. In fact, the evidence presented shows Waters was always satisfied with Baker's work and trusted him implicitly to do a good job. Waters left the project to Baker's full discretion because he trusted him to do the job as well as he always did any job Waters hired him to do. Schram makes no showing that he can dispute Waters' evidence on this subject. Notably, this information is obtained in the very depositions Schram attached to his opposition memorandum.

Schram is unable to show that he will be able to establish any defect or ruin of the newly constructed roof caused him damage or that Waters had knowledge of any defect in the new roof as Waters was never present during construction.

9

Additionally, Waters is only responsible for injuries caused by unreasonable risks of harm, not those caused by a risk which is open and obvious, universally known, and easily avoided. Such a risk is not unreasonable. *Entrivia v. Hood*, 427 So.2d 1146 (La. 1983). Moreover, Schram failed to exercise reasonable care and easily avoid the risk of slipping off the roof when he chose to engage in dangerous conduct despite Baker's express warning. The evidence presented demonstrates that Schram was injured while working on a newly constructed roof which he was helping to build. Against specific instructions from Baker, who was in charge of the construction and who hired Plaintiff, he voluntarily stood on a new section of roof and lost his footing when he tried to either catch a tool being tossed up to him or when trying to avoid the tool hitting him. Either way, Waters is not responsible for Plaintiff's injuries. There is no vice or defect in the new roof, and if there were Plaintiff would be responsible for such as he was helping to construct the roof. Not only could Plaintiff observe that the new roof would be slippery to stand on, he was expressly warned not to stand on the new section because it was easy to slip on the new tin. It was obvious and open to anyone, especially to one who had just installed the new tin, that standing on its slick surface would be dangerous.

There are no unresolved issues of fact remaining that would defeat summary judgment. Schram has failed to show that he would be able to establish all elements necessary to impose liability on Waters at trial. We therefore affirm the grant on the motion for summary judgment dismissing Plaintiffs claims with prejudice. Because we find no liability as to Waters the issue of insurance coverage under Colony's policy is rendered moot. All costs of this appeal are assessed against Plaintiff.

**AFFIRMED**. (This opinion is NOT DESIGNATED FOR PUBLICATION)