521 So.2d 1220 (1988)
Charles Randall GUILLORY, Plaintiff-First Appellant,
v.
CONOCO, INC., CONTINENTAL OIL COMPANY, et al., Defendant-Second Appellant.
No. 87-41.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1988.
Rehearing Denied April 11, 1988.
Writ Denied June 2, 1988.
*1221 Arthur J. O'Keefe, Kenneth M. Wright, Mark A. Delphin, Lake Charles, for plaintiff-appellant-appellee.
Raggio, Cappel, Chozen & Berniard, Chris M. Trahan, Plauche, Smith & Nieset, Michael McNulty, III, Lake Charles, for defendant-appellee-appellant.
Before DOMENGEAUX, C.J., LABORDE, J. and CULPEPPER, J. Pro Tem.[*]
*1222 WILLIAM A. CULPEPPER, Judge Pro Tem.
This is a tort action arising from the injuries sustained by a roof installer when he fell 48 feet from the top of a Conoco oil storage tank. Plaintiff filed suit against Conoco, Inc. (owner of the tank), Daniel Construction Company (the general contractor hired by Conoco), and Morgan Roofing Company (the subcontractor hired by Daniel, plaintiff's employer). Prior to trial Morgan Roofing Company and Daniel Construction Company were dismissed from plaintiff's demands by summary judgment because they were plaintiff's direct and statutory employers, respectively. Conoco then filed a third party demand against Daniel Construction Company and its insurer, USF & G, based on contractual indemnity. Daniel Construction filed a third party demand against Morgan Roofing, also based on contractual indemnity. Morgan Roofing and Transportation Insurance Company intervened seeking recovery of worker's compensation benefits and medical expenses paid to plaintiff. At a trial by jury, Conoco was found not liable to plaintiff because Daniel Construction was an independent contractor over whom Conoco had no right of control. Plaintiff and intervenors appeal.

FACTS
In 1982 Conoco contracted with Daniel Construction Company to build a new unit on Conoco's land near Westlake refinery to refine "sour crude." Daniel contracted out some of the specialty work to subcontractors, one of which was Morgan Roofing Company, which installed roofing materials on five large oil storage tanks.
Morgan's employees worked on top of the tanks, over 40 feet high, without any type of fall protection, in violation of OSHA and Conoco safety rules, which Daniel had contractually agreed to follow. No safety belts, lines, harnesses, guardrails or nets were provided for the workers. On June 21, 1983, plaintiff, a Morgan employee, stepped onto roofing materials which hung over the edge of the tank and fell a distance of about 48 feet to the ground, sustaining severe injuries to his spine.
Conoco had employees on the construction site regularly to monitor the work. The Conoco employees noticed the Morgan employees were not following safety practices and notified the Daniel supervisors of it. However, despite warnings, Morgan Roofing continued to allow its employees to work without fall protection until plaintiff's accident. This lawsuit ensued.

ASSIGNMENTS OF ERROR
The plaintiff and the intervenors specified the following assignments of error:
1) The trial court erred in failing to instruct the jury that Conoco had a duty of care to Charles Randall Guillory under the facts of this case, where Conoco stood idly by for 2½ weeks after having actual knowledge that his employer required him to work in close proximity to the edge of the tank top 48 feet above the ground without fall protection, all in violation of OSHA rules and Conoco's own in-house safety standards.
2) The trial court erred in failing to instruct the jury, under Kent v. Gulf States Utilities Co., that Conoco owed a duty to Charles Randall Guillory to act reasonably under the circumstances.
3) The trial court erred in failing to instruct the jury that Conoco is liable for the torts of an irresponsible independent contractor.
4) The trial court erred in failing to instruct the jury that Conoco could be held liable if it expressly or impliedly authorized the manner of the work.
5) The trial court erred in ruling that, as a matter of law, the Conoco/Daniels contract gave Conoco no operational control over the Morgan Roofing work area.
6) The trial court erred in failing to allow the jury to decide the factual issue of whether or not Conoco expressly or impliedly authorized the manner of the work.
7) The trial court erred in failing to instruct the jury that Conoco could be independently *1223 negligent for the action or inaction of its employees.
8) The trial court erred by failing to instruct the jury that the landowner owes a duty to the employees of an independent contractor under the Occupational Safety and Health Act.
9) The trial court erred by failing to instruct the jury that a landowner-employer owes a duty of care to employees of an independent contractor where the work to be performed is inherently or intrinsically dangerous.
10) Because of the errors of law, the jury verdict is entitled to no weight, and the plaintiff is entitled to a trial de novo.

APPLICABLE LAW

ASSIGNMENTS 5 and 7
In Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972), the court held that the relationship of principal and independent contractor exists when the following conditions are met:
"1. There is a valid contract between the parties;
2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;
3. The contract calls for specific piece-work as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;
4. There is a specific price for the overall undertaking; and
5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach."
See also Smith v. Crown Zellerbach Corp., 486 So.2d 798 (La.App. 1st Cir.1986), writ denied, 489 So.2d 246 (La.1986).
In the present case the contract between Conoco and Daniel meets all of the Hickman criteria, including the right to control the work was reserved by Daniel. Daniel was to provide field supervisory personnel, prepare the work plans and schedules, manage the work progress, prepare and implement the budget, plan and maintain a field quality control program, plan and maintain a labor relations program, award and manage subcontractors, and provide construction equipment, tools and sanitary facilities. Conoco imposed its own plant safety program on the jobsite workers through Article 10.1 of the contract. However, Daniel was responsible for enforcing the safety rules on its employees and subcontractors. (Contract Articles 3.2 and 10.1) Although Conoco personnel monitored the work progress and ran field tests, they did not exercise direct supervision over the step-by-step process of accomplishing the work. See Smith v. Crown Zellerbach Corp., supra. Daniel Construction Company was clearly an independent contractor, as stipulated in Contract Article 3.1. Therefore, the trial judge did not err in finding that the contract gave Conoco no operational control over Morgan Roofing Company's work area.
Nor did the trial judge err in not instructing the jury that Conoco could be independently negligent for the action or inaction of Daniel's employees. The law is settled that a principal is not liable to third parties for the torts of an independent contractor. Verrett v. Louisiana World Exposition, Inc., 503 So.2d 203 (La.App. 4th Cir.1987), writ denied, 506 So.2d 1229 (La. 1987). An independent contractor is responsible for the torts of its employees. LSA-C.C. art. 2320. The Contract Articles 3.2 and 3.3 stipulated that Daniel was to be fully responsible to Conoco for the acts, errors and omissions of Daniel's subcontractors. It was Daniel's duty to manage the subcontracts. Therefore, Conoco's personnel were not responsible for enforcement of the safety rules on the jobsite. In accordance with Contract Article 2.1, Conoco correctly pointed out the safety violations to Daniel Construction, who was responsible to Conoco for correcting the situation. Conoco was not independently negligent.

*1224 ASSIGNMENTS 2, 4, 6 and 9
Plaintiff also contends that Conoco owed a duty of care to plaintiff, as an employee of an independent contractor, because the work to be performed was inherently or intrinsically dangerous. The rule as to inherently or intrinsically dangerous work was set forth in Montgomery v. Gulf Refining Co., 168 La. 73, 121 So. 578 (1929):
"Ordinarily, an employer is not liable for offenses of an independent contractor committed in the course of performing his duties under the contract. An important exception to this rule, which has been recognized in this state, is that if the work is inherently or intrinsically dangerous unless proper precautions are taken to avoid injury, the employer cannot avoid liability by letting the work out to an independent contractor."
See also Smith v. Crown Zellerbach Corp., supra. Ultrahazardous activities were defined in Kent v. Gulf States Utilities Co., 418 So.2d 493, 498 (La.1982), as activities which can cause injuries to others even when conducted with the greatest prudence and care. Therefore the critical inquiry in determining whether an activity is inherently or intrinsically dangerous is whether it can be made safe when it is performed in a proper and workmanlike manner. Smith v. Crown Zellerbach Corp., supra. Evidence presented at trial established that the use of fall protection, as required by Conoco safety rules, OSHA, and common sense, would have made the work safe. In this case, the plaintiff was not injured by an ultrahazardous activity, but by unsafe work methods. Therefore, the trial court did not err in not instructing the jury about the duty of care a landowner owes to the employees of an independent contractor engaged in inherently or intrinsically dangerous work.
In Kent v. Gulf States Utilities Co., supra, the court analyzed the duty of reasonable conduct an owner of a damage-causing thing owes to others under strict liability. The plaintiff contends that Conoco owed him this duty. However, as discussed above, Conoco had no duty to protect plaintiff in this situation and, in fact, did act reasonably by pointing out the problem to those who were responsible for plaintiff's safety. Also, plaintiff was not injured by a thing owned by Conoco or by some inherently or intrinsically dangerous activity of Conoco's, but rather by the unsafe manner in which he performed his work. The trial court did not err in not instructing the jury that Conoco owed a duty to plaintiff to act reasonably under the circumstances.
Plaintiff also contends that the trial judge erred in failing to instruct the jury that Conoco could be held liable if it expressly or impliedly authorized the manner of work. However, this liability stems from the exception that if the work is inherently or intrinsically dangerous, the employer cannot avoid liability by letting the work out to an independent contractor. See Ewell & Inc., v. Petro Processors of Louisiana, Inc., 364 So.2d 604 (La.App. 1st Cir.1978), writ denied, 366 So.2d 575 (La. 1979). Since we have already determined that roof installation performed with proper safety precautions is not an inherently or intrinsically dangerous activity, this argument fails and the trial judge did not err in failing to allow the jury to decide whether or not Conoco expressly or impliedly authorized the manner of work. Moreover, the facts indicate that, rather than authorizing the safety violations, Conoco disapproved them and expressly pointed out the violations to Daniel Construction.

ASSIGNMENT 3
Plaintiff contends the trial judge should have instructed the jury that Conoco is liable for the torts of an irresponsible independent contractor. As stated above, the law is settled that a principal is not liable to third parties for the torts of an independent contractor. However, plaintiff also contends that Conoco can be held liable for hiring an irresponsible independent contractor. There is no evidence that Conoco knew, at the time it hired Daniel Construction Company, that Daniel was irresponsible. Any negligent conduct of Daniel in allowing the Morgan employees to work without fall protection in violation of *1225 the safety regulations occurred after Daniel was hired by Conoco. The Louisiana cases cited by plaintiff to support his contention look to the employer's knowledge at the time of hiring.[1] Therefore this assignment lacks merit.

ASSIGNMENTS 1 and 8
Plaintiff contends the trial judge erred by failing to instruct the jury that the landowner owes a duty to the employee of an independent contractor under the Occupational Safety and Health Act (OSHA). In Louisiana a statute may provide a reasonable standard of care, violations of which may constitute negligence by falling below that standard. However, Louisiana law, for the reasons given above, imposes no duty on Conoco to the Morgan employees under these facts. Under a duty-risk analysis of negligence, there can be no negligence where there is no duty. Therefore, the trial judge did not err in this respect.

ASSIGNMENT 10.
Since the trial court committed no errors of law, there is no need to consider this assignment.

CONCLUSION
Accordingly, for the reasons assigned above, the judgment of the trial court is affirmed. The costs of appeal are assessed to the appellant.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Evans v. Allstate Ins. Co., 194 So.2d 762 (La. App. 1st Cir.1967); Hemphill v. State Farm Ins. Co., 472 So.2d 320 (La.App. 3d Cir.1985).